IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Plaintiff,                      No. CIV S-12-0591 GGH P

   vs.

CITY OF VALLEJO, et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a Solano County jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
4  U.S.C. § 1915(b)(2).
5        The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
10 U.S.C. § 1915A(b)(1),(2).
11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
15 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.
18       A complaint must contain more than a "formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
20 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
21 "The pleading must contain something more...than...a statement of facts that merely creates a
22 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
23 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
24 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
25 v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
26 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendants Vallejo Police Officers Sean Kenney, Badge # 620, and Eric Jensen, Badge # 574, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), on plaintiff's allegations of excessive force and deliberate indifference to plaintiff's injured hand.

As to defendant Dr. Joel Kahn, however, against whom plaintiff appears to allege deliberate indifference to a serious medical condition in the form of an untreated, or inadequately treated, broken hand, in violation of the Eighth Amendment,[1] in order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). In West v. Atkins, 487 U.S. 42, 54 (1988), the Supreme Court held that a private medical doctor under contract with a state to provide medical services to inmates is a state actor for purposes of section 1983. Plaintiff has failed to allege defendant Kahn comes within the ambit of a state actor.

\\\\\

---

[1] To the extent plaintiff is a pretrial detainee, the Fourteenth Amendment, and not the Eighth Amendment, applies to his case. Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 (1979). However, pretrial detainees' Fourteenth Amendment rights are analogized to the rights of prisoners under the Eighth Amendment. Redman v. County of San Diego, 942 F.3d 1435, 1441-1445 (9th Cir. 1991) (en banc).

1  Moreover, in order to state a claim under § 1983 claim for violation of the Eighth
2  Amendment based on inadequate medical care, plaintiff must allege "acts or omissions
3  sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v.
4  Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that
5  his medical needs were objectively serious, and that defendants possessed a sufficiently culpable
6  state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v.
7  Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical
8  claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998
9  (1992).

10  A serious medical need exists if the failure to treat a prisoner's condition could
11 result in further significant injury or the unnecessary and wanton infliction of pain. Indications
12 that a prisoner has a serious need for medical treatment are the following: the existence of an
13 injury that a reasonable doctor or patient would find important and worthy of comment or
14 treatment; the presence of a medical condition that significantly affects an individual's daily
15 activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900
16 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
17 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
18 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

19  In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
20 defined a very strict standard which a plaintiff must meet in order to establish "deliberate
21 indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.
22 However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
23 which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979.
24 Neither is it sufficient that a reasonable person would have known of the risk or that a defendant
25 should have known of the risk. Id. at 842, 114 S. Ct. at 1981.
26 \\\\\

1    Also significant to the analysis is the well established principle that mere
2 differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
3 Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>,
4 662 F.2d 1337, 1344 (9th Cir. 1981).
5    Moreover, a physician need not fail to treat an inmate altogether in order to violate
6 that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir.
7 1989). A failure to <u>competently</u> treat a serious medical condition, even if some treatment is
8 prescribed, may constitute deliberate indifference in a particular case. <u>Id.</u>
9    Additionally, mere delay in medical treatment without more is insufficient to state
10 a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766
11 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is
12 no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing
13 <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-
14 1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends
15 to provide additional support for a claim of deliberate indifference; however, it does not end the
16 inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
17 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
18 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
19 the defendant." <u>McGuckin</u>, 974 F.2d at 1061.
20    To the extent that plaintiff intends to proceed against defendant Kahn on a state
21 law medical malpractice claim, pursuant to the court's supplemental jurisdiction under 28 U.S.C.
22 § 1367(a), plaintiff must make allegations that meet the elements of such a claim against this
23 defendant. The elements of a medical malpractice claim in California include: "(1) a duty to use
24 such skill, prudence, and diligence as other members of the profession commonly possess and
25 exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent
26 conduct and the injury; and (4) resulting loss or damage." <u>Hernandez ex rel. Telles-Hernandez v.</u>

5

1  United States, 665 F.Supp.2d 1064, 1076 (N.D. Cal. 2009), citing <u>Hanson v. Grode</u>, 76
2  Cal.App.4th 601, 606, 90 Cal.Rptr.2d 396 (1999)." Defendant Kahn will be dismissed but
3  plaintiff will be granted leave to amend his claim or claims as to this defendant. Those entities
4  identified as defendant Kahn's employer(s), the County of Solano and Sutter Solano Medical
5  Center are also dismissed, to the extent plaintiff intended to name them as defendants, they too
6  are dismissed.

7        With respect to the City of Vallejo and the Vallejo Police Department whom
8  plaintiff identifies as the employer(s) of defendants Kenney and Jensen, to the extent that
9  plaintiff has intended to name these entities as defendants, he has failed to frame cognizable
10 claims against them. "[A] local government may not be sued under § 1983 for an injury
11 inflicted solely by its employees or agents." <u>Monell v. Department of Social Services</u>, 436 U.S.
12 658, 98 S.Ct. 2018, 2037 (1978). Plaintiff has failed to implicate any official policy or practice
13 by the entity defendants that have deprived him of any constitutional right and neither the City of
14 Vallejo or its police department may be held vicariously liable through the alleged misconduct of
15 its employees. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-or,
16 in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*
17 theory." <u>Monell</u>, 436 U.S. 658, 98 S. Ct. at 2036 [emphasis in original]. These defendants will
18 be dismissed, but plaintiff will be granted leave to amend to allege an unconstitutional policy,
19 custom or practice for which they are responsible.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>
22 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
23 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
24 there is some affirmative link or connection between a defendant's actions and the claimed
25 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
26 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's claims against defendants Kahn, County of Solano, Sutter Solano Medical Center, City of Vallejo and the Vallejo Police Department are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: April 9, 2012

                                                  /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
cool0591.b1