IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Plaintiffs,      No. 2:12-cv-0591 LKK AC P

    vs.

CITY OF VALLEJO, et al.,      <u>ORDER</u>

    Defendants.
_____/

    Plaintiff filed this action pursuant to 42 U.S.C. § 1983 as a Solano County jail inmate proceeding pro se. In this action, plaintiff proceeds on a first amended complaint against defendants City of Vallejo and Vallejo Police Officers Sean Kenny and Eric Jensen on plaintiff's allegations of excessive force subsequent to his arrest on November 5, 2011. ECF No. 7.[1] Plaintiff filed a motion for a temporary restraining order/preliminary injunction (ECF No. 30) regarding his upcoming deposition to be taken by defendant City of Vallejo in this action on March 5, 2013. Plaintiff is concerned that testimony he provides in his deposition in this federal civil proceeding may be communicated to the Solano County District Attorney or agents thereof.

---

[1] Plaintiff's motion for leave to proceed on a second amended complaint is pending.

1

Plaintiff states that there is a criminal matter now pending against him in Solano County Superior Court which involves the same circumstances at issue in this case.

The court construes plaintiff's motion as a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), because the relief he seeks is protection of deposition testimony from disclosure. Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar non-parties from access to litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Plaintiff has not provided the specific showing of prejudice or harm that is required. He suggests in vague terms that the deposition will likely inquire into matters that may be subject to protection as work-product or otherwise, and that the District Attorney should not be permitted a preview of his defenses to the criminal case. The undersigned cannot discern what specific matters petitioner seeks to prevent from disclosure. A blanket protective order will

not be issued on the basis of a generalized claim of need. Because plaintiff has failed to establish good cause for a protective order within the meaning of Rule 2(c), the motion will be denied. If during the deposition plaintiff is asked questions that call for information he believes is privileged under the Fifth Amendment or otherwise, he may assert the applicable privilege(s) in response to particular questions.

Because service of this order by mail will be ineffective to provide notice to plaintiff before the scheduled deposition, counsel for defendants is hereby directed to provide a copy of this order to plaintiff prior to commencing the deposition of plaintiff in this matter on Tuesday, March 5, 2013.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for a temporary restraining order/preliminary injunction (ECF No. 30) is construed as motion for a protective order and as such is denied; and

2. Counsel for defendants, Deputy City Attorney Kelly Trujillo, is directed to provide plaintiff with a copy of this order prior to commencing plaintiff's deposition, scheduled in this matter for March 5, 2013.

DATED: March 4, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE