UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:12-cv-0591 LKK AC P<br><br><br>ORDER ON DISCOVERY &<br><br>PROTECTIVE ORDER |

Plaintiff filed this 42 U.S.C. § 1983 action in pro se while a Solano County Jail inmate. The case proceeds on plaintiff's first amended complaint[1] against defendants City of Vallejo and Vallejo Police Officers Sean Kenney and Eric Jensen on plaintiff's allegations of excessive force subsequent to his arrest on November 5, 2011. ECF No. 7. Defendants answered the first amended complaint (ECF No. 15), and the previously assigned magistrate judge issued a Discovery and Scheduling Order setting March 29, 2013 as the discovery deadline and July 26, 2013 as the pretrial dispositive motion filing deadline. ECF No. 20. This case was reassigned to the undersigned on November 19, 2012. ECF No. 21.

The following motions are pending before the court: (1) plaintiff's timely-filed motion to

---

[1] Although plaintiff submitted a proposed second amended complaint (ECF No. 27), he subsequently voluntarily withdrew it. ECF No. 32.

1

compel discovery (ECF No. 33)[2]; (2) defendants' motion for summary judgment (ECF Nos. 37-40); and (3) plaintiff's motion to amend discovery plan/scheduling order (ECF No. 52). For the reasons set forth below, further discovery is appropriate and adjudication of the summary judgment motion therefore is premature.

I. Allegations of the Complaint

The First Amended Complaint alleges that plaintiff was arrested by Vallejo Police Officers Kenney and Jensen on November 5, 2011. While plaintiff was lying face down in a prone position and in handcuffs, Jensen beat him with a flashlight. Plaintiff suffered a broken hand, concussion, and other injuries as the result of the beating. Officer Kenney then pulled plaintiff to his feet and slammed him head-first into the patrol car, causing a laceration to his chin that required stitches. Kenney cursed at plaintiff and deliberately tightened his handcuffs, causing extreme pain. When plaintiff was getting into the patrol car, Kenney slammed the car door on his ankles. The officers took plaintiff to the emergency room, where Jensen falsely told medical personnel that plaintiff's injuries had been sustained in a car crash.

The complaint alleges that the City of Vallejo has a formal policy or longstanding practice of allowing excessive force by its police officers.

II. Plaintiff's Motion to Compel & Motion to Amend the Discovery Order

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

---

[2] Although plaintiff's motion to compel discovery is file-stamped three days beyond the March 29, 2013 discovery deadline, the certificate of service indicates it was served on March 28, 2013. Thus, by application of the mailbox rule, the motion is timely. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners").

2

The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i), (ii) and (iii).

Plaintiff moves for an order compelling responses from defendants pursuant to Fed. R. Civ. P. 37. ECF No. 33. He seeks responses to the following discovery requests, to which defendants have objected:

- "Requests for Disclosure" (RFD) Nos. 1 & 2 directed to defendants Jensen and Kenney;
- "Request for Disclosure" (RFD) No. 2 directed to defendant City of Vallejo;
- Request for Production of Documents (RFP) Nos. 1, 2, and 4 directed to defendant City;
- Interrogatory (INT) Nos. 1-4 propounded upon defendant Jensen.

A. Requests for Disclosure and for Production

1. *"Requests for Disclosure"*

In his so-called Request for Disclosure (RFD) No. 1, directed separately to defendants Jensen and Kenney, plaintiff stated:

> RFD No. 1 Produce and all disclosures reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to Departmental Complaints and/or Civil Complaints made against Vallejo Police Officer [Eric Jensen] [Sean Kenney] concerning Bad Acts, Dishonesty, Planting [] Evidence, Falsifying Evidence, Deadly and/or Excessive Use of Force that has occurred within the last ten (10) years.

His RFD No. 2 directed to defendant City of Vallejo was identical:

> Produce any and all disclosures reflecting or relating to any reports, memoranda, letter, notes, audio and/or video recordings or summaries of any oral statements relating to Departmental Complaints and/or Civil Complaints made against defendants Vallejo Police Officer Sean Kenney #620 and Eric Jensen 620 and Eric Jensen #574 concerning Bad Acts, Dishonesty, Planting Evidence, Falsifying Reports, Deadly and/or Excessive Use of Force that has occurred within the last ten (10) years.

3

ECF No. 33 at 10-11, 54-55; ECF No. 36 at 25.

Both RFDs produced almost identical objections:

> Defendants' Response:
>
> Objection; This request is vague and ambiguous as to whether responding [sic] party has issued Interrogatories pursuant to FRCP 33 or Request for Production of Documents pursuant to FRCP 34. The instant requests call for "disclosures" and thus it is unclear whether plaintiff seeks documents or written responses.
>
> Objection is further made as this request is overbroad and unduly burdensome. It seeks complaints from the last 10 years. Any complaints from the last ten years would have little to no probative value and would cause undue expense to gather and produce. Further, complaints regarding deadly force are simply irrelevant to the instant case, as plaintiff makes no claim for improper use of deadly force.
>
> Further objection is made as this request seeks information that is subject to the attorney-client privilege and work product doctrine. The requested information is also subject to the official information privilege, as it seeks personnel records and complaints and/or claims made against police officers for excessive force and/or deadly force pursuant to Kelly v. City of San Jose, 14 F.R.D. 653 (N.D. Cal. 1987) and followed by Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990), and California Government Code § 6254, California Penal Code § 832.7, and California Evidence Code § 1043 et seq. See also Declaration of Chief of Police Joseph Kreins served herewith.
>
> The City next objects to this Request to the extent that it seeks private information of third parties. Further objection is made that plaintiff seeks information protected by the self-critical analysis privilege as it pertains to any internal affairs investigations or reports.
>
> Finally, the City objects to this demand because disclosure of the information could potentially prejudice and conflict with the pending state court criminal prosecution of the Plaintiff [People v. Cooley Solano County Superior Court Case No. 214659]. A Motion to Stay the Instant Case Pending the Criminal Proceeding will be filed with the court forthwith.

ECF No. 33 at 28-29, 33-34; ECF No. 36 at 2-3, 5-6; see also ECF No. 33 at 11.

The following request was directed individually to both defendants Kenney and Jensen:

> RFD No. 2: Produce any and all disclosures reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to the November 5, 2012, arrest of plaintiff Frederick Marc Cooley by defendants Vallejo Police Officers Sean Kenney and Eric Jensen.

4

| | |
|---|---|
| 1 | ECF No. 33 at 7, 29; ECF No. 36 at 10. |
| 2 | Defendants' objections to RFD No. 2 were substantially similar to their objections to RFD |
| 3 | No. 1. |

2. *Request for Production*

Plaintiff's Requests for Production of Documents (RFP) to defendant City of Vallejo included the following:

> RFP No. 1: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of an oral statements [sic] relating to Citizen Complaints and/or Civil lawsuits against any and all Vallejo Police Officers concerning Deadly and/or Excessive Use of Force that has occurred within the last ten (10) years.
>
> RFP No. 2: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to Citizen Complaints and/or Civil lawsuits against defendants concerning Deadly and/or Excessive Use of Force, Dishonesty, and Falsifying Police Reports that has occurred within the last ten (10) years.
>
> RFP No. 4: Produce any and all documents, electronically stored information or tangible thing relating to circumstances of the November 5, 2011, arrest of the Plaintiff.

ECF No. 33 at 8-10; 53-56; ECF No. 36 at 14, 18, 22.

Defendant City objected on the same grounds as it objected to the RFDs.

3. *Discussion*

   a. <u>Form of Discovery Requests</u>

Defendants object to plaintiff's unconventionally self-styled "requests for disclosure," in part due to their ambiguity. While the "requests for disclosure" are not entirely in conformity with the requests for production of documents contemplated by Fed. R. Civ. P. 34, and even though plaintiff separately propounded requests for documents, this is essentially an objection to form rather than substance. The RFDs can be responded to if they are construed as additional RFPs, which is the most logical construction. Accordingly, the undersigned construes the RFDs as RFPs, and overrules the objection.

////

b. <u>Relevance</u>

What is at issue in this case are plaintiff's allegations of excessive force by officers Kenney and Jensen during or immediately following plaintiff's November 5, 2011 arrest, and the City of Vallejo's alleged longstanding practice of permitting the use of excessive force by its police officers. ECF No. 7. Plaintiff has also alleged that defendant Jensen misinformed hospital personnel that the injuries for which he had been transported to the emergency room for treatment arose from a car crash, i.e., not as a result of defendant Jensen's having allegedly beaten plaintiff with a flashlight as he lay prone. Id.

Defendants contend that other complaints against the defendant officers regarding the use of force would necessarily differ so significantly in kind or type from plaintiff's allegations that they would be wholly irrelevant to this case. The undersigned rejects this argument. To the extent that any other excessive force incidents are so factually distinguishable as to have little probative value regarding plaintiff's claims, defendants may certainly object to their use at trial. Discoverability is another matter, however. Past incidents or complaints of excessive force by the defendant officers are potentially relevant, or reasonably calculated to lead to the discovery of admissible evidence, and therefore presumptively discoverable. See <u>Gibbs v. City of New York</u>, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (officer disciplinary records discoverable); <u>Frails v. City of New York</u>, 236 F.R.D. 116, (E.D.N.Y. 2006) (internal affairs records and unsubstantiated complaints discoverable).

Defendants are correct, however, that other instances involving the use of *deadly* force are not necessarily relevant, as the excessive force alleged in this case was not deadly force. Defendants will not be ordered to produce documents regarding the use of deadly force by defendants Kenney and Jensen, such as documentation related to officer-involved shootings, unless such incidents gave rise to complaints that the force used was excessive. Discoverability turns on the existence of a question regarding the reasonableness of the force used by the defendants, not on the type of force used.

Evidence of dishonesty by the defendant officers is also relevant and therefore discoverable. If this case goes to trial, both individual officers will be required to testify and their

credibility will be subject to challenge. Officer Jensen's truthfulness is specifically at issue because of plaintiff's allegation that he lied to hospital personnel about the cause of plaintiff's injuries.

Records of incidents involving the use of excessive force by officers other than the individual defendants are relevant to plaintiff's municipal liability claim under Monell v. Dept. of Social Services, 436 U.S. 658 (1978), and therefore discoverable. See Floren v. Whittington, 217 F.R.D. 389, 391-92 (S.D.W.V. 2003). As with the request for documentation related to defendants Kenney and Jensen, discovery will be limited to complaints of excessive force and will not extend to the use of deadly force in the absence of such complaint.

### Scope and Overbreadth

Defendants contend that it would be unduly burdensome to produce records going back ten years, and that ten year old records would not be relevant. The court disagrees. Plaintiff has alleged a long-standing policy and/or practice by the City of Vallejo of permitting the use excessive force by its police officers. Records covering a ten-year span of time are relevant in this context. See Frails, 236 F.R.D. at 118 (rejecting defendant's request to limit production of records to the last ten years, finding even older records relevant).

### c. Asserted Privileges and Related Protections from Disclosure

Defendants contend that the information sought is protected by the attorney-client and official information privileges as well as the work-product doctrine. The court is mindful that privileges are narrowly construed because they impede the full and fair discovery of the truth, Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991), and that the party asserting the privilege has the burden to establish its applicability is an undisputed proposition, see, e.g., United States v. O'Neill, 619 F.2d 222, 227 (3rd Cir. 1980). The Supreme Court has long emphasized that privileges are not favored, "being. . . derogations from a positive general rule."[3] Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "[P]rivileges are to be

---

[3] "The common-law principles underlying the recognition of testimonial privileges can be stated simply. 'For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to every man's evidence. When we come to examine the various claims (continued…)

7

construed especially narrowly when asserted by officers or cities in federal civil rights actions." Mason v. Stock, 869 F. Supp. 828, 834 (D. Kan.1994).

Under Fed. R. Civ. P. 26 (b)(5):

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

In this case, defendants have failed to provide a privilege log or any exhibit identifying the specific documents they deem to be work product or privileged. All of defendants' assertions of privilege and work-product protection are therefore inadequately supported and must be overruled for that reason. See Mason, 869 F. Supp. at 834 ("Blanket assertions of privilege will not do."). Moreover, as explained below, none of the claimed privileges and protections bar disclosure of the materials that plaintiff seeks.

Attorney-Client Privilege

"The attorney-client privilege applies when (1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by the client." Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) (citing Admiral Ins. v. U.S. Dist. Court, 881 F.2d 1486, 1492 (9th Cir.1989)). "Where applicable, the privilege protects a communication from discovery so long as the privilege has not been waived." Id. Of course, the party asserting the privilege has the burden to establish the attorney client privilege. Newport Pac. Inc. v. City. of San Diego, 200 F.R.D. 628, 633 (S.D. Cal. 2001).

"The attorney-client privilege does not apply to communications that are intended to be disclosed to third parties or that in fact are so disclosed." Griffith, 161 F.R.D. at 695 (citing

---

of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.'" Jaffee, 518 U.S. at 9 (citing United States v. Bryan, 339 U.S. 323, 331 (1950) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed.1940)).

United States v. Rockwell International, 897 F.2d 1255, 1265 (3rd Cir.1990)). For example, where an arrestee makes a complaint of excessive force against an arresting officer and that arresting officer then becomes the subject of an internal affairs investigation, the officer cannot subsequently withhold from discovery his statements to internal affairs investigators on the basis of attorney-client privilege. Id. (summarizing Gonzales v. Municipal Court, 67 Cal.App.3d 111, 116 (1977)). This is so because, although the investigation's primary purpose was gathering evidence for the city attorney to use to defend any civil action brought against the police officer or the city concerning the incident, there was a secondary purpose which sought to discover whether there was any grounds for disciplining the officer. Id. "[I]f a client communicates with his attorney with the intention that the communication be conveyed to another, that communication is not confidential and, therefore not privileged." Id. (citing Gonzales, 67 Cal. App.3d at 118-119.

Defendants have identified no particular materials responsive to plaintiff's discovery requests that constitute confidential communications between an attorney and client. Under the authorities here discussed, the attorney-client privilege does not protect from disclosure the "departmental complaints" that plaintiff seeks, or any statements regarding plaintiff's arrest that may have been made in the course of internal affairs investigation(s) or disciplinary inquiries.

### Work-Product Doctrine

The work-product doctrine "is not a privilege, but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative *in anticipation of litigation*." Admiral Insurance Co. v. United States District Court, 881 F.2d 1486, 1494 (9th Cir.1989) (emphasis added). Defendants have identified no responsive documents that were prepared by a party or his representative for purposes of litigation. The discovery requests at issue seek documents and other materials that are routinely created and maintained by law enforcement agencies for purposes independent of litigation. Accordingly, the objection is not well-taken.

### Official Information Privilege

Privileges asserted by a government agency based on official information or other

governmental privileges have long been subject to procedural prerequisites: "There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. The court itself must determine whether the circumstances are appropriate for a claim of privilege . . ." United States v. O'Neill, 619 F.2d 222, 225 (3d Cir. 1980) (quoting United States v. Reynolds, 345 U.S. 1, 7-8 (1953)). The claim should be made by a person in an executive policy position. See Reynolds, 345 U.S. at 8 n. 20 ("The essential matter is that the decision to object should be taken by the minister who is the political head of the department, and that he or she should have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced . . .") "[T]he information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988). An official cannot invoke a privilege without personally considering the material for which the privilege is sought. Yang v. Reno, 157 F.R.D. 625, 634 (M.D. Pa. 1994).

Defendants provided plaintiff with a declaration from the Vallejo Chief of Police Joseph Kreins. ECF No. 33 at 37-38. Chief Kreins declares that he has reviewed departmental complaints and civil complaints related to excessive and/or deadly force against officers, and states that they are collected and maintained by the city's police department. He avers that the confidentiality of the documents sought has been maintained "except for review within the confines of the Vallejo Police Department"; he states that the police department will not permit them to copied except to provide them "to the public entity's attorneys." Id. He further maintains that police officers have a privacy interest in protecting official information such as personnel records, civil complaints, disciplinary actions and Internal Affairs reviews/findings and that the state constitution guarantees certain privacy rights "that would be impugned by disclosure to the plaintiff." Id. He asserts that maintaining the confidentiality of Internal Affairs material allows for open discussion and criticism of the conduct of officers and suggestions of ways to improve without fear of being subjected to civil liability. The police chief believes that there is a strong governmental interest in preserving the confidentiality of the documents plaintiff has requested

and that releasing the documents with "[e]ven a carefully crafted Protective Order" would adversely impact the police department. Id.

Federal law governs the existence and scope of an asserted privilege in federal question cases. Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).[4] "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are considered official information."). The case relied on by defendants, Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D. Cal. 1987), states plainly that "it is important to emphasize that in a civil rights case brought under federal statutes questions of privilege are resolved by federal law." See also, id. at 655-56 ("State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases."). Nevertheless,

> federal courts generally should give some weight to privacy rights. . protected by state constitutions or state statutes. Of course, ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts.

Id.

"To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033-34; see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal. 1990).[5] "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993); cf. Crawford v. Dominic, 469 F. Supp. 260, 263 (E.D. Pa. 1979)

---

[4] Defendants also cite the California Constitution and state statutes in asserting the confidentiality of police officer records, and assert the privacy rights of third parties. However, federal law governs here.

[5] This case has been recognized as overruled only to the extent that it found that the law of the forum state, California, informed federal privilege law. Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997).

(finding "the importance of the information to the plaintiff's case" to be "the weightiest" of ten factors to be considered in determining whether police files should be discovered in a civil rights action).[6]

Here, the benefits of disclosure outweigh the disadvantages. The requested information is of significant importance to plaintiff's case. The countervailing institutional and privacy considerations can be adequately addressed by narrowly tailoring the compelled production, providing for redaction of documents, and issuing a protective order to limit use of the materials.

### Self-Critical Analysis Privilege

Defendants maintain that the self-critical analysis privilege protects internal affairs investigations and reports. However, "[t]he Ninth Circuit does not recognize the privilege of 'self-critical analysis.'" Griffith v. Davis, 161 F.R.D. 687, 701 (1995) (citing Dowling v. American Hawaii Cruises, Inc., 971 F.2d 423 (9th Cir.1992)); see also Mason v. Stock, 869 F.Supp. 828, 834 (D.Kan.1994) (even if a "self-critical analysis privilege" exists, it would not apply in the context of internal investigations of police officer defendants in a §1983 case).

### d. Objection Based On Pending Criminal Proceeding

Defendants objected to discovery on grounds that disclosure could potentially prejudice and conflict with a state court prosecution of plaintiff that was pending at the time of the initial objections. Defendants represented that a motion to stay this case pending resolution of the criminal case would be filed "forthwith." See ECF No. 33 at 29. No motion to stay was ever

---

[6] The ten factors include:"(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case." Crawford v. Dominic, 469 F. Supp. at 263) (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D.Pa.1973)).

filed, nor has defendant briefed the matter or provided any information about the status of the criminal case in opposition to the motion to compel. The court's docket indicates that plaintiff is now out of custody. This objection is overruled as unsubstantiated.

e. Conclusion Regarding Requests for Documents

Although defendants have a legitimate concern about releasing law enforcement officers' personnel information, plaintiff is entitled to discovery of information related to (1) the past use of excessive force by defendants Kenney and/or Jensen, (2) the truthfulness of defendants Kenney and/or Jensen, and (3) the City's knowledge of and responses to the use of excessive force by its police officers. In order to properly balance the competing interests of the parties, the court will order the production of certain categories of documents in redacted form and subject to protective order. Specifically, defendants shall produce the following to plaintiff:

- Any and all documents related to (1) complaints or reports of the use of excessive force, or inquiries into the use of force, and/or (2) complaints or reports of dishonesty (including but not limited to false statements and falsification of evidence), or inquiries into possible dishonesty, from the personnel files of defendant Officers Sean Kenney and Eric Jensen;

- Any and all Internal Affairs investigations and reports related to allegations of (1) excessive force, and/or (2) dishonesty (including but not limited to false statements and falsification of evidence) involving defendant Officers Sean Kenney and Eric Jensen;

- Any and all civil and/or departmental complaints or grievances alleging the use of excessive force by defendants Kenney and Jensen that are not otherwise referenced in this order;

- Internal Affairs investigations and reports, civil and departmental complaints or grievances arising from or involving claims of excessive force of any other defendant City of Vallejo police officers for a period of ten years prior to the filing of this action, and documentation of the disposition of such complaints or grievances.

Personal data such as social security numbers, birth dates and home addresses shall be redacted from all documents produced under this order. Moreover, the full names of officers other than defendants Kenney and Jensen may be redacted from documents involving excessive force complaints arising from incidents other than plaintiff's November 5, 2011 arrest; officers who were the subjects of such complaints may be identified by initials only. The documents shall be produced under protective order limiting their use to litigation of the instant case only; providing that the documents shall not be shared with anyone other than attorneys, expert consultants and expert witnesses involved in the preparation and litigation of this case; and providing that all documents disclosed and any copies must be returned to counsel for the City at the conclusion of these proceedings.

B. Interrogatories

Defendant Jensen objects to the following interrogatories:

> INT. No. 1: Please describe with specificity and in "I" narrative form, whether you were involved in the September 12, 2012, police involved shooting that left "Joseph Johnson[,]" seriously injured and "Mario Romero" mortally wounded in the City of Vallejo? If yes, detail all your observations and actions concerning your encounter with Mr. Johnson and Mr. Romero and whether a citizen complaint was filed including the disposition.
>
> Defendant's Response: Objection. This interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information that is a part of an ongoing investigation by the Solano County District Attorney's Office and any inquiries about this matter should be addressed to that office. Furthermore, defendant will not release any information that might be protected under the Fifth Amendment of the U.S. Constitution.
>
> INT. No. 2: Please describe with specificity and in "I" narrative form, whether a section 1983 civil action was filed against you in the United States District Court, Eastern District of California on or about October 27, 2003, entitled <u>Kaumbulu v. City of Vallejo, et[] al.</u>, 2:03-cv-002235-PAW, claiming that while Mr. Kaumbulu was in a prone position on the ground, you put your foot on his shoulder and then jammed your knee against the base of Mr. Kaumbulu's skull nest to his spine resulting in a broke [sic] jaw? If yes, detail all your observations and actions concerning your encounter with Mr. Kaumbulu and whether you were disciplined by your employers.
>
> INT No. 3: Please describe with specificity and in "I" narrative form, whether a section 1983 civil action was filed against you in

> the U.S. District Court, Eastern District of California on or about April 7, 2006, entitled <u>Deocampo v. City of Vallejo</u>, 2:06-cv-01283-NBS-GGH claiming that without justification or cause, you hit Deocampo with a baton in his legs and back resulting in a fractured kneecap, pain, swelling and bruising to his legs and back? If yes, detail all your observations and actions concerning your encounter with Mr. Deocampo and whether you were disciplined by your employers.
>
> INT No. 4: Please describe with specificity and in "I" narrative form, whether a section 1983 civil action was filed against you in the U.S. District Court, Eastern District of California on December 6, 2006, entitled <u>Roe v. City of Vallejo</u>, 2:06-cv-02769-GFB-EFB, was filed against you, claiming that after Ms. Doe's boyfriend was arrested for Driving Under the Influence, you offered to give Ms. Doe a ride to Mr. Roe's apartment and ordered Mr. Roe to give you the keys. After arriving at Mr. Roe's apartment you walked Ms. Doe to the apartment but Ms. Doe was unable to open the door because it was the wrong key from Mr. Roe's belongings. You drove Ms. Doe back to the Vallejo Police Department and retrieved the correct key from Mr. Roe. On the way back to the apartment you made several inappropriate comments including but not limited to "You're a porno star, huh?" Once again you walked Ms. Doe back to Mr. Roe's apartment and opened the door. Almost immediately after the door opened, you proceeded to sexually harass and assault Ms. Doe by stalking her as she quickly moved from room to room, fondling her genitals and exposing your penis. If yes, detail all your observations and actions concerning your encounter with Ms. Roe and whether you were disciplined by your employer.

ECF No. 33 at 12-15, 46-50; ECF No. 36 at 30-36.

Defendant Jensen objected to INT Nos. 2-4 on grounds of relevance, privacy, attorney-client privilege, official information privilege and the work-product doctrine. Defendant also objected on grounds that the information is part of the public record and equally available to plaintiff. Id.

The objections based on relevance, privilege and work-product protection are rejected for the same reasons explained above in relation to the document requests. The only objection that is unique to the interrogatories is the objection that the information sought is available from other sources and already known to plaintiff.

The court takes judicial notice of the cases referenced by plaintiff in INT Nos. 2-4:[7]

---

[7] A court may take judicial notice of court records. See <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th (continued…)

- <u>Kaumbulu v. City of Vallejo, et al.</u>, 2:03-cv-02235 MCE PAN. The case ended in a stipulated dismissal with prejudice prior to trial as to the two defendants, including E. Jensen, under Fed. R. Civ. P. 41(a)(1) on October 10, 2005.
- <u>Deocampo v. City of Vallejo</u>, 2:06-cv-01283-WBS CMK, in which the City of Vallejo and Officer Jensen are among the named defendants, is currently proceeding.
- <u>Roe, et al. v. City of Vallejo, et al.</u>, 2:06-cv-02769 GEB EFB, proceeded against a number of defendants including the City of Vallejo and Eric Jensen but was voluntarily dismissed by plaintiffs on March 28, 2008.

It is evident that plaintiff is familiar with the claims against Officer Jensen in each of the above-described cases. Defendant is correct that the information about these cases is publicly available. Moreover, it is apparent from the interrogatories themselves that plaintiff has independently obtained information about these cases. Because further information regarding these incidents will be produced to plaintiff by way of document production, these interrogatories are largely duplicative. Accordingly, the court will not require further discovery from defendant Jensen in the form of responses to interrogatories.

Defendant's objection to INT No. 1 based on relevance, which is overruled, also refers to an on-going, possibly criminal investigation into the Johnson and Romero shooting. Defendant Jensen has plausibly asserted his Fifth Amendment privilege insofar as plaintiff seeks a first-person narrative account from Jensen regarding that shooting.[8] No such protection attaches to the existence and disposition of related citizen complaints or previously memorialized statements, however, which have been addressed above regarding document production.

For all these reasons, plaintiff's motion to compel responses from defendant Jensen to plaintiff's Interrogatories 1 through 4 will be denied.

---

Cir. 1994); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[8] The court's ruling does not turn on Jensen's invocation of the Fifth Amendment. The motion to compel is denied as to the interrogatories on grounds that they (1) are duplicative of the document requests, and (2) seek information that is available by other means.

16

III. Defendants' Motion for Summary Judgment

The court notes that defendants have failed to provide adequate notice to plaintiff with their dispositive motion regarding the requirements for opposing a Rule 56 motion. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (requiring contemporaneous notice per Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)) of the requirements to oppose a motion for summary judgment). Defendants will have the opportunity to correct their oversight, as the motion will be vacated to be re-noticed following production of the discovery ordered herein. Should defendants elect to supplement or modify the vacated summary judgment motion, they may re-file and re-serve it at that time. Plaintiff will then have an opportunity to file his full opposition within thirty days, after which defendants will have fourteen days to file any reply.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 33) is GRANTED IN PART as follows, and in all other respects is denied:

Defendants are directed to produce to plaintiff, within thirty days and with personal data redacted pursuant to the terms of the accompanying Protective Order:

a) Any and all documents related to (1) complaints or reports of the use of excessive force, or inquiries into the use of force, and/or (2) complaints or reports of dishonesty (including but not limited to false statements and falsification of evidence), or inquiries into possible dishonesty, from the personnel files of defendant Officers Sean Kenney and Eric Jensen;

b) Any and all Internal Affairs investigations and reports related to allegations of (1) excessive force, and/or (2) dishonesty (including but not limited to false statements and falsification of evidence) involving defendant Officers Sean Kenney and Eric Jensen;

c) Any and all civil and/or departmental complaints or grievances alleging the use of excessive force by defendants Kenney and Jensen that are not otherwise referenced in this order;

d) Internal Affairs investigations and reports, civil and departmental complaints or grievances arising from or involving claims of excessive force of any other defendant City of Vallejo police officers for a period of ten years prior to the filing of this action, and documentation of the disposition of such complaints or grievances. The names and badge

numbers of officers other than defendants Kenney and Jensen who have been accused of using excessive force may be redacted, and such officer identified by initials.

2. The discovery produced pursuant to this order shall be subject to the following PROTECTIVE ORDER:

a) Prior to the release of the above-described documentation, personal information regarding defendant Officers Sean Kenney and Eric Jensen or any other police officer or other personnel employed, formerly or currently, by defendant City of Vallejo shall be redacted. Personal information to be redacted includes birth dates, social security numbers, driver's license numbers, home addresses, and the names of any immediate family members;

b) Any documents disclosed are to be used in the litigation of the instant case only, and not for any other purpose;

c) Any documents disclosed are to be shared only with attorneys, expert consultants and expert witnesses involved in the preparation and litigation of this case, and may not be shown to any other individual except to the extent that they are admitted at trial or filed as exhibits in relation to a dispositive motion;

d) Should a party intend to file with the court documents subject to this order, that party must, prior to filing any such material, notify all other parties (defendants through their attorneys or plaintiff pro se) of an intent to file, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal;

e) No document shall be filed under seal unless counsel or any pro se party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141;

f) Any documents disclosed and all copies made must be returned to counsel for the City at the conclusion of these proceedings;

g) Violation of the terms of this Protective Order may subject a party to sanctions including dismissal;

3. Plaintiff's "motion to amend discovery plan/scheduling order" (ECF No. 52) is now moot and is VACATED from the court's calendar.

4. Defendants' motion for summary judgment is hereby VACATED as premature, subject to re-filing or re-notice in accordance with Woods v. Carey, supra, no later than thirty days following service of discovery responses. Plaintiff's opposition shall be due thirty days thereafter, and defendants have shall fourteen days to reply.

DATED: October 29, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
cool0591.mtc+

19